25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry L. STEWART, Defendant-Appellant.
 No. 93-5789.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1994.
Decided June 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-92-174-N)
 Kenneth B. Wills, Norfolk, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Harvey L. Bryant, III, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Stewart appeals from a district court judgment entered following a bench trial finding Stewart guilty of multiple counts of mail fraud in violation of 18 U.S.C.A. Sec. 1341 (West Supp.1994). Stewart's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738, 744 (1967), raising arguments relating to the propriety of the district court's denial of Stewart's motion to suppress evidence seized from his apartment, but also stating that, in his view, there are no meritorious issues for appeal. Stewart has also filed a supplemental brief raising numerous arguments.
 
 
 2
 The record discloses that postal inspectors who had been investigating Stewart's scheme to defraud various mail order companies for two years attempted to enter his apartment on October 14, 1992, by using a key provided by the management of the apartment complex, but were prevented from doing so by a chain lock on the inside of the door. When Stewart saw the inspectors attempting to gain entry, he closed the door shut. One of the inspectors ran to the back of the building and found the sliding glass door to Stewart's apartment open. He entered through this door, went to the front door, and let in the other inspector. Both of the inspectors then searched the apartment to determine whether Stewart was still present, and in the course of this search, came across various items such as credit cards, mail order catalogs, correspondence, and a typewriter, which were used to further Stewart's scheme.
 
 
 3
 On appeal, Stewart argues that the discovery of the seized items was not "inadvertent," see Coolidge v. New Hampshire, 403 U.S. 443 (1971), because the officers searched the apartment at least twenty-five minutes even though, in his estimation, it should have taken no longer than five minutes to ascertain that Stewart was not in the apartment, and because the inspectors "knew substantially, if not exactly, what they were looking for in the Defendant's apartment," since they had extensively investigated his case prior to coming to his apartment.
 
 
 4
 Initially, we note that the Fourth Amendment does not require that evidence in plain view be discovered inadvertently in order for that evidence to be seized without a warrant. See Horton v. California, 496 U.S. 128, 137-40 (1990) (modifying Coolidge ). A warrantless seizure of an item in plain view is valid if the officer does not violate the Fourth Amendment in arriving at a place from which the object could be plainly viewed, the incriminating character of the item is immediately apparent, and the officer has a lawful right of access to the object itself. Id. at 136-37. Stewart's contentions relate to the first two requirements.
 
 
 5
 The inspectors, however, properly attained their viewing position in this case pursuant to a valid arrest warrant which clearly permitted them to enter Stewart's apartment and search for him. See United States v. Talbott, 902 F.2d 1129, 1132 (4th Cir.1990). The inspectors' search of the apartment for Stewart could reasonably be expected to place them in a position to see items that were discovered on desks and tabletops, as in this case. Moreover, the inspectors' knowledge of Stewart's illegal activities did not serve, as Stewart suggests, to undercut the legitimacy of the seizures, but rather served to inform their judgment that the items discovered were evidence of criminal activity. See United States v. Rhodes, 779 F.2d 1019 (4th Cir.1985).
 
 
 6
 We have examined the entire record in this case in accordance with the requirements of Anders, supra, including the arguments raised in Stewart's supplemental brief, and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in its implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A (1988), we require that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If required by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 7
 We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.